CHARLES CERLAN, INC., PLAINTIFF, v. WOODBRIDGE FORD, GENERAL MOTORS, CHEVROLET MOTOR DIVISION AND UNIROYAL, DEFENDANTS.

Superior Court of New Jersey
Law Division Special Civil Part
Essex County

Decided July 24, 1984.

*Beth Toni Kruvant,* for plaintiff (*Gelber & Kruvant,* attorneys).

*Mark T. McMenamy,* for defendant Uniroyal (*Stryker, Tams & Dill,* attorneys).

KENNETH R. STEIN, J.S.C.

On April 11, 1984, this action was instituted in the Special Civil Part of the Law Division of the Superior Court and the venue laid in Essex County. The question presented is whether the action should be dismissed where one or more defendants is a resident of this State but none of the defendants is a resident of Essex County. I have determined that the action should not be dismissed and that the proper course is to seek a change of venue.

The suit seeks legal relief against three defendants and the amount in controversy is less than $5,000. Plaintiff's instructions regarding service of process directed that two of the defendants be served in New Jersey counties other than Essex.

For the purpose of this opinion it will be assumed that said two defendants are residents of New Jersey, but non-residents of Essex, and in fact a return of service indicates one of said defendants was served in Middlesex County. Plaintiff directed that the third defendant, Uniroyal, be served in Essex County.

Uniroyal moved to quash the service of process upon it and to dismiss the complaint because none of the defendants was an Essex County resident. Uniroyal also moved for summary judgment based on a statute of limitations. For reasons not pertinent to this opinion, I determined that the purported service was improper and denied the motion for summary judgment. While it appears that Uniroyal is not a resident of Essex County, it does have a registered agent in Hudson County who can be served with process. However, Uniroyal argues that this court cannot transfer this matter to what counsel terms an "alternative forum", and urges that the complaint be dismissed.

Prior to December 31, 1983 the territorial jurisdiction of a county district court was coextensive with the boundaries of the applicable county. *N.J.S.A.* 2A:6–32. In those instances where a suit was brought in a county district court against one defendant who could be served within the applicable county and other defendants who were non-residents of that county, service could be made on such non-resident defendants in another county and such service was effectual to bring such defendants into the district court in which the action was instituted. *N.J. S.A.* 2A:6–33.

An amendment to Article VI of the Constitution of the State of New Jersey was approved on November 8, 1983. This amendment contemplated, among other things, the abolition of the county district courts and provided that in such event the judges of that court would become judges of the Superior Court.

Effective December 31, 1983 by *L.*1983, *c.* 405, the county district courts were abolished and the "jurisdiction, functions,

powers and duties of the county district courts ... transferred to the Superior Court." Section 3. The introductory statement accompanying that bill stated that it was enabling legislation, which would accomplish the objectives of the abovementioned constitutional amendment. The statement expressed the legislative intent by announcing that the bill provided for a "unified court system in New Jersey by abolishing the county district courts and the juvenile [sic] domestic relations courts and transferring the jurisdiction of these courts to the Superior Court."

The Supreme Court of New Jersey entered an order effective December 31, 1983 relating to the abolition of the county district courts. That order established a Special Civil Part within the Law Division of the Superior Court and provided that certain matters previously heard in the county district courts (including matters of the type now before this court) would be cognizable in the Special Civil Part. That order provided, in part:

II  Venue

Except as otherwise provided by statute, venue in actions in the Special Civil Part shall be laid in the county in which at least one defendant to the action resides. If all defendants are non-residents of this State, venue shall be laid in the county in which the cause of action arose.

III  Rules of the Court

Part IV of the Rules Governing the Courts of the State of New Jersey shall govern the practice and procedure in the Special Civil Part except as otherwise hereinafter provided:

.     .     .     .     .     .     .     .

B.  Jurisdictional References

The jurisdictional requirements of Rule 6:2-3 shall be deemed to be venue requirements and all other references in Part VI to jurisdiction shall be deemed to refer, as appropriate, to venue or cognizability.

This action was instituted in the Superior Court and, more specifically, the Special Civil Part of the Law Division. The Superior Court has original general jurisdiction throughout the

State in all causes. *N.J. Const.* (1947) Art. 6, § 3, par. 2. With the exception of the municipal courts and the Tax Court, there is now "a single unified and integrated Superior Court exercising original trial jurisdiction over all causes." Pressler, *Current New Jersey Court Rules, Introductory Comments to Special Supplement, Family Part, Special Civil Part* (1984).

The abovementioned order of the Supreme Court creating the Special Civil Part listed those actions which were to be heard in or were cognizable in that part, and designated the venues in which such actions were to be heard on a county basis. However, the general jurisdiction is in the Superior Court, not in the Special Civil Part as it may be "found" in a particular county. The Superior Court has jurisdiction of this matter and the action is properly cognizable in the Special Civil Part of the Law Division. Before December 31, 1983 the particular county in which a county district court action was brought was generally dependent on the jurisdiction of that court; presently, the designation of the particular county in which a Special Civil Part action is to be heard is a question of venue.

Since it appears that some, if not all, of the defendants in this action are residents of this State, but none of them is an Essex County resident, the course to be followed by a party challenging the venue in Essex County is not to seek a dismissal of the suit, but to seek a change of venue. No request or motion for a change of venue has been made.

The motion of Uniroyal to dismiss the complaint because none of the defendants is a resident of Essex County is denied.

Counsel for the defendant Uniroyal shall submit an Order (i) declaring that the alleged service of process upon it in Essex County is improper and of no effect, (ii) denying its motion for summary judgment, without prejudice and (iii) denying its motion to dismiss the complaint because none of the defendants is a resident of Essex County.